RAMIREZ, C.J.
I respectfully dissent.
Although proper compliance with Melbourne does not mandate the “incantation of magical words,” as the majority points out, it does mandate that the trial court focus on the genuineness of the race-neutral explanation as opposed to its reasonableness. See Murray v. State, 3 So.3d 1108 (Fla.2009). Here, the trial court clearly focused on its reasonableness. The transcript reflects that the trial court stated:
Well, I can see from the face of the questionnaire Ms. Harbin is a law enforcement officer, a corrections officer, and I think that is sufficiently reasonable basis, so I am going to allow the State’s peremptory.
Instead of ruling on whether it believed that the State’s reason for striking Juror Harbin was genuine, the trial court allowed the challenge by concluding that because Juror Harbin was a corrections officer, there was a reasonable basis for striking the juror. The transcript reflects that the trial court never undertook a “genuineness” analysis. This is not the correct application of the third step in the Melbourne analysis. Consequently, I would reverse Alonzo’s conviction and remand for a new trial.